United States District Court
District of Massachusetts

```
_____
                             )
Cedar Bay Grilling Co. Ltd., )
                             )
       Plaintiff,            )
                             )
           v.                )    Civil Action No.
                             )    19-cv-12264-NMG
Canadian Fish Exporters Inc.,)
                             )
       Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a contract dispute between plaintiff Cedar Bay Grilling Company, Ltd. ("plaintiff" or "Cedar Bay"), a seafood supplier, and Canadian Fish Exporters, Inc. ("defendant" or "CFE"), a seafood distributor. Cedar Bay voluntarily dismissed its complaint against CFE in March, 2020, pursuant to Fed. R. Civ. P. 41(a)(1). Pending before the Court is the motion of defendant CFE to vacate that dismissal.

## I. Background

In October, 2010, Cedar Bay and CFE entered into an exclusive supply and distribution agreement. Cedar Bay granted to CFE exclusive distribution rights for its frozen salmon products in the United States and the Caribbean and, in return,

CFE agreed not to source salmon products from any other supplier.

The relationship between the parties deteriorated in 2019, primarily due to a disagreement involving Cedar Bay's pending United States and Canadian trademarks.  In November, 2019, Cedar Bay filed a complaint against CFE in this Court for false association and false designation of origin in violation of the Lanham Act, unfair and deceptive acts in violation of Mass. Gen. Laws. c. 93A and tortious interference.  Shortly thereafter, CFE filed a countersuit against Cedar Bay for breach of contract and declaratory judgment in Nova Scotia, Canada.

The parties agreed to mediate the pending lawsuits in December, 2019.  Over the course of two days and late-night negotiations in January, 2020, the parties ultimately agreed to settle their dispute and executed a document titled "Settlement Agreement" ("the 2020 Agreement").

Days after the 2020 Agreement was signed by both parties, Cedar Bay informed CFE that the 2020 Agreement reflected nothing more than a memorialization of potential points of agreement between the parties.  In response, CFE filed an emergency motion in this Court to enforce the 2020 Agreement as a "binding and enforceable" settlement which provided for an orderly conclusion of the relationship between the parties.

While that motion remained pending, CFE separately moved to dismiss Cedar Bay's complaint in this Court. Cedar Bay opposed the motion and, shortly thereafter, filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). In response to that notice, the Clerk of this Court terminated the case.

CFE now moves to vacate that notice of dismissal.

## II. Motion to Strike

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), a plaintiff may voluntarily

> dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

Unless the notice states otherwise or the plaintiff previously dismissed any civil action based on the same claim, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

If a plaintiff properly invokes the right to voluntary dismissal pursuant to Rule 41(a)(1), the "district court has no power to condition its dismissal." Universidad Cent. Del Caribe, Inc. v. Liaison Comm. On Med. Educ., 760 F.2d 14, 18 (1st Cir. 1985). In other words, the right of a plaintiff voluntarily to dismiss an action before service of an answer or motion for summary judgment is absolute. Marques v. Fed. Reserve Bank of Chi., 286 F.3d 1014, 1017 (7th Cir. 2002) ("[Plaintiff] doesn't

need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute, as Rule 41(a)(1) and the cases interpreting it make clear.").

Prior to plaintiff's voluntary dismissal, CFE neither answered the Complaint, nor moved for summary judgment. Undeterred by the unambiguous language of Rule 41(a)(1), CFE urges this Court to interpret its emergency motion to enforce the settlement agreement as the functional equivalent of a motion for summary judgment.  The filing of its motion, according to CFE, should be construed as moving for summary judgment, thereby foreclosing plaintiff's right to unilateral dismissal.

Defendant is correct that courts generally apply the summary judgment standard in deciding motions to enforce settlement agreements. See, e.g., Silva v. F/V Silver Fox, LLC, 988 F. Supp. 2d 94, 97 (D. Mass. 2013) ("[C]ourts apply the summary judgment standard of Fed. R. Civ. P. 56 when deciding motions to enforce a seaman's agreement."); see also Columbia Gas Transmission, LLC v. 520.32 Acres, 188 F. Supp. 3d 500, 507 (W.D. Pa. 2016).  Application of the same standard of review does not, however, convert a motion to enforce a settlement agreement into a motion for summary judgment.  Defendant submits

that it does, nevertheless, demonstrate that such motions seek similar relief and are functional equivalents.

Even assuming arguendo that a motion to enforce a settlement agreement is the "functional equivalent" of a motion for summary judgment, that does not negate the effect of Rule 41(a)(1). The text of the rule plainly does not contemplate the foreclosure of plaintiff's right of voluntary dismissal by the functional equivalent of an answer or a motion for summary judgment. Nor does Rule 41(a)(1) provide a court with discretion to vacate a plaintiff's notice of dismissal because of the contentiousness of the litigation. To the contrary, the First Circuit Court of Appeals has recognized that unless an answer or a motion for summary judgment has been filed, a court lacks any authority to reject or condition a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1). See Universidad Cent. Del Caribe, Inc., 760 F.2d at 18.

Several other courts of appeals that have considered similar issues have declined to read a "functional equivalency" standard into Rule 41(a)(1). See, e.g., In re Amerijet Intern., Inc., 785 F. 3d 967, 973 (5th Cir. 2015) ("Rule 41(a)(1)(A)(i) 'means precisely what it says' . . . . An argument that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed

significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." (internal citations omitted)); Thorp v. Scarne, 599 F.2d 1169, 1174 (2d Cir. 1979) ("Summary judgment 'in the air' simply does not satisfy the explicit Rule 41 requirement that a defendant follow one of two specified courses of action in order to terminate plaintiff's right to dismiss his action without prejudice."); Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 889-90 (7th Cir. 1972) (upholding plaintiff's Rule 41(a) dismissal where motion denominated as one for summary judgment was actually a motion to dismiss).

Although the Court empathizes with defendant's frustration over plaintiff's apparent reneging and defendant's desire to litigate this matter after the expenditure of significant time and resources on mediation and defense, the Court lacks the authority to disturb plaintiff's notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1).  That is because defendant neither answered nor moved for summary judgment. Accordingly, plaintiff's notice of voluntary dismissal pursuant to Rule 41(a)(1) terminates this case unconditionally and without prejudice.

**ORDER**

For the foregoing reasons, the motion of defendant to strike plaintiff's notice of dismissal (Docket No. 25) is **DENIED**.

**So ordered.**

　　　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　United States District Judge

Dated April 30, 2020